IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

C&C OFFSET PRINTING COMPANY  
(USA), INC., an Oregon  
corporation,

        Plaintiff,

v.

LONE PINE PUBLISHING COMPANY,  
a Canadian corporation,

        Defendant.

3:14-cv-01675-BR

ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Amended Motion (#21) for Attorney Fees in which Plaintiff seeks $643.22 in court costs and $3,004.50 in attorneys' fees.

**I.   Bill of Costs**

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law.  *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003). Accordingly, the Court applies federal law in its analysis of Plaintiff's request for an award of costs.

1 - ORDER

Federal Rule of Civil Procedure 54(d)(1) provides in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." 28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).

Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

See also *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 957 (9th Cir. 2013).

As noted, costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Fed. R. Civ. P. 54(d). The court must limit

2 - ORDER

an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute. *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010). *See also Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)).

Plaintiff seeks $643.22 in court costs, including $400.00 in court filing fees pursuant to § 1920(1) and $243.22 in service-of-process costs pursuant to Federal Rule of Civil Procedure 4(d)(2). After a review of the record, the Court concludes Plaintiff has established it is entitled to the costs it expended for court filing fees and service of process pursuant to § 1920 and Rule 4(d)(2).

Accordingly, on this record the Court concludes Plaintiff is entitled to $643.22 in costs.

## II.  Attorneys' Fees

"Under the 'American rule,' litigants ordinarily are required to bear the expenses of their litigation unless a statute or private agreement provides otherwise." *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010) (quotation omitted). The Ninth Circuit has made clear that a federal court sitting in diversity must apply state law when deciding whether to allow attorneys' fees when those fees are "connected to the substance of the case." *Northon v. Rule*, 637

3 - ORDER

F.3d 937, 938 (9th Cir. 2011)(quotation omitted).  Oregon Revised Statute § 20.096(1) provides:

> In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements, without regard to whether the prevailing party is the party specified in the contract and without regard to whether the prevailing party is a party to the contract.

In its Amended Motion for Attorney Fees Plaintiff provided sufficient evidence that the contract between Plaintiff and Defendant entitles Plaintiff to reasonable attorneys' fees in this matter.  The Court also concludes the hourly rate charged by Plaintiff's counsel and the time expended are reasonable.

Accordingly, on this record the Court concludes Plaintiff is entitled to $3,004.50 in attorneys' fees.


## CONCLUSION

For these reasons, the Court concludes Plaintiff is entitled to **$3,004.50** in attorneys' fees and **$643.22** in costs.

IT IS SO ORDERED.

DATED this 11th day of May, 2015.

/s/ Anna J. Brown

---
ANNA J. BROWN
United States District Judge

4 - ORDER